Fletcher, J.
A married woman may, in the absence of her husband, procure for herself necessaries, and among other things, necessary medicine and medical aid and advice, for which the husband will be liable. This is the general rule of law. But this is an abnormal case, and if the plaintiff did not profess to be a physician, or to have any medical skill,.then, as a matter of law, the services and the applications of the plaintiff were not necessaries for which the defendant is liable.
*408 If, however, the plaintiff professed to have medical skill and a knowledge of diseases and their medical remedies, so as to bring himself primd facie within the rule of law, then the jury should have been instructed to find, as matter of fact, whether under the circumstances of the case, the plaintiff had furnished the wife of the defendant with suitable and necessary medicine and medical advice and aid, and if so, to what amount, and for the sum so found the defendant would be liable.
From the bill of exceptions in this case, it does not appear that the plaintiff professed to be a physician, or to have any medical skill or knowledge of diseases, or their' medical remedies, and, of course, it does not appear, that he has furnished the wife with any necessaries within the rule of law, for which the husband can be rightfully charged. The law does not recognize the dreams, visions, or revelations of a woman in a mesmeric sleep as necessaries for a wife, for which the husband, without his consent, can be held to pay. These are fancy articles, which those who have money of their own to dispose' of may purchase, if they think proper, but they are not necessaries, known to the law, for which the wife can pledge the credit of her absent husband. The charge of the court was confined to a statement of the general principles of law, and did not apply with sufficient plainness and directness to the singular facts, disclosed by the evidence, so that the jury were not instructed as to the legal rights and liabilities of these parties, under the peculiar facts and circumstances of this case. The jury should have been instructed, according to the principles before stated, that if the plaintiff did not profess to be a physician, or to have medical skill, or a knowledge of diseases and their medical remedies, then, as matter of law, the defendant was not liable; but if the plaintiff professed to be a physician, and to have such skill, so as to bring himself primd facie within the rule of law, then the jury should have been instructed to find whether the plaintiff had in fact furnished necessary medicine and medical aid and advice to the defendant’s wife, and if he had, that the defendant would be liable for such necessary supplies.
*409 It is not necessary particularly to consider the other exceptions in the case. It is no doubt the province of the court to instruct the jury what facts will, in law, constitute a copartnership, leaving the facts to be found by the jury. It is not necessary that a dormant partner should join with the ostensible partners of a firm, in an action against a person wio dealt only with the ostensible partner^.

Verdict set aside and new trial grcmted in the cowrt of com mon pleas.